Cortes, Appellant, *v.* The Registrar, Respondent.

Appeal from a Decision of the Registrar of Property of Arecibo denying admission to record.

No. 173.—Decided March 5, 1914.

Community Property—Conveyance—Liquidation.—The fact that the liquidation of a conjugal partnership has not been effected does not prevent the surviving spouse from selling the undetermined interests which he may have in the community property recorded in the registry of property in the names of the said spouse and the heirs of the deceased spouse.

Id.—Contract—Conveyance—Choses in Action.—A contract of sale of undetermined shares in community property made by the surviving spouse before the liquidation of the conjugal partnership constitutes an alienation of choses in action and not a sale of real property or a fixed part thereof.

The facts are stated in the opinion.
Mr. *Eduardo Marín* for appellant.

Mr. José Marcial López, the registrar, appeared by brief *pro se.*

Mr. Justice Aldrey delivered the opinion of the court.

During his wedlock with María Cortés, Domingo Marrero acquired for a valuable consideration several real properties, which, after his death, were recorded in common *pro indiviso* in the names of his heirs and of the widow.

Subsequently by public deed of December 2, 1913, the widow, María Cortés Marrero, after describing various prop-

erties as having been acquired by her husband during his
wedlock with her, sold to Justiniano Cortés y Marrero for
a fixed price "all the right, title and interest which she might
possess in each of the said properties after the liquidation
of the legal conjugal partnership." Upon presentation of
the deed in the Registry of Property of Arecibo the regis-
trar refused to admit the same to record for the reasons stated
in the following decision from which the present administra-
tive appeal was taken:

"The admission to record of this deed of bargain and sale is
denied because the properties sought to be conveyed thereby belong
to the legal conjugal partnership composed of the vendor, María
Cortés Marrero, and Domingo Marrero, which partnership has not
yet been liquidated, and because the widow and filial heirs of the
deceased spouse are barred from the free disposal of the conjugal
partnership property until the inventoried estate is liquidated and
each of the heirs has received his share, pursuant to section 1331 *et
seq.* of the Civil Code as construed by decisions of the Supreme Court
of Porto Rico in harmony with the decisions of the General Direc-
torate of Registries of Spain. Also as to the property under letter
E the deed contains the curable defect that an error was committed
in stating the number of the property and the folio on which it is
recorded. In compliance with the provisions of section 7 of the Act
of March 1, 1902, the first defect being incurable, a cautionary notice
is entered for a period of 120 days on folio 176, over, of volume 70
of Utuado, property No. 3790; on folio 173 of volume 70 of Utuado,
property No. 3789, and on folio 184, over, of volume 52 of Utuado,
property No. 2979, entries letter A. Arecibo, January 16, 1914. José
Marcial López, Registrar."

From the foregoing it results that the question raised in
this appeal is whether when certain properties have been
recorded in common *pro indiviso* in the names of the heirs
of a person and in the name of his widow as to her ganan-
cial interest, a deed of sale made by the widow before the
liquidation of the partnership of such interests as she may
have in said properties when the conjugal partnership prop-
erty is liquidated, may be recorded.

In deciding the case of *Ríos* v. *The Registrar of Prop-*

*erty,* 19 P. R. R., 708, we held that the surviving spouse cannot dispose of the whole or any fixed part of the community property as if it were his own until after a liquidation of the said partnership, which doctrine is erroneously applied by the registrar to the present case because here the widow does not alienate any fixed and determined part of the properties described by her in the deed of sale, but only the undetermined interests which she may possess in the conjugal estate when the liquidation is made. The contract on which the appeal is based is not one for the sale of properties or of any fixed part thereof, but is a conveyance of rights and shares. *González* v. *Méndez,* 8 P. R. R., 249. The appellant, Justiniano Cortés, does not acquire by virtue of the sale made by the widow the ownership of a fixed part of the properties described in the deed, but only such interests, if any, as may be allotted to the vendor when the liquidation is made.

We have examined the decisions of the General Directorate of Registries of Spain which the registrar cites in support of his refusal to admit the deed to record and although they sustain the conclusion reached by us in the case of Ríos formerly referred to, they do not support the ground of the refusal, for they hold only that a fixed or determinate part of the conjugal property cannot be sold by the surviving spouse until after the liquidation. This court has already held in the case of *Méndez* v. *The Registrar of Property,* 18 P. R. R., 777, and cases therein cited, that a deed conveying hereditary rights is recordable although the adjudication of the corresponding property has not been made, provided it has been recorded previously in the name of the grantor. Such a conveyance being recordable, a conveyance by the widow of her hereditary right in the conjugal partnership property is also recordable.

The fact that the law provides that upon a dissolution of the marriage a liquidation of the conjugal partnership shall be made, does not prevent, as contended by the registrar, a conveyance of the hereditary rights before the liquidation

is made. The only object of the said provision is to fix and determine the part corresponding to each participant in the estate and is indispensable when the parties wish to make a partition. Therefore the registrar's apprehension that conveyances by the joint owners of their abstract interests in the estate would defeat compliance with the statute prescribing such liquidation, is groundless for such liquidation would become absolutely necessary when the purchasers of the rights sold wish to determine the exact and determinate share of each therein. Nor is the objection tenable that creditors might be prejudiced by such sales, because if they have any real rights recorded they could not be prejudiced by such conveyances, and if their rights are not of this character, section 23 of the Act relating to Special Legal Proceedings provides that an unsecured creditor having a written title may apply for a judicial administration of the property.

The appellant's only ground of appeal being decided, the decision of the respondent registrar should be reversed as regards the incurable defect stated therein and the admission to record of the deed of sale ordered.

*Reversed as to incurable defect.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.